# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JAMES AVERY WITTER,<br>　　　Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>　　　Defendant. | )<br>)<br>)　**Civil Action**<br>)　**No. 3:07cv341**<br>)<br>)<br>) |

## ORDER

The Defendant, Michael Astrue, Commissioner of Social Security, has moved this court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a judgment reversing his decision with a remand of the cause for further administrative proceedings.

On remand, the Commissioner will assign this matter to an Administrative Law Judge ("ALJ"). Because Plaintiff filed subsequent Title II and Title XVI disability claims on August 21, 2007, that are currently pending an initial determination, if the subsequent claims are still pending at the time of remand, the ALJ will associate and consider these claims. The ALJ will offer Plaintiff the opportunity for a hearing and to submit additional evidence in support of his claim. The ALJ will take any further action needed to complete the administrative record and will issue a new decision. In rendering his decision, the ALJ will:

1. Give further consideration to the treating source opinions pursuant to the provisions of 20 C.F.R. §§ 404.1527, 416.927 and Social Security Rulings 96-2p, and explain the weight given to such opinion evidence. As appropriate, the ALJ may request the treating sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what Plaintiff can still do despite his impairments pursuant to 20 C.F.R. §§ 404.1512, 416.912.

2. Further evaluate Plaintiff's subjective complaints and provide a rationale in accordance with the disability regulations pertaining to the evaluation of symptoms, 20 C.F.R. §§ 404.1529, 416.929, and Social Security Ruling 96-7p. The evaluation will specifically consider Plaintiff's allegations of medication side-effects and any relevant evidence.

3. If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base pursuant to Social Security Ruling 83-14. The hypothetical questions posed to the vocational expert should reflect the specific capacity/limitations established by the record as a whole. The ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy pursuant to 20 C.F.R. §§ 404.1566, 416.966. Further, before relying on the vocational expert evidence the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information contained in the *Dictionary of Occupational Titles* (*DOT*) and its companion publication, the *Selected Characteristics of Occupations,* pursuant to Social Security Ruling 00-4p.

Pursuant to the power of this court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g) this

court hereby REVERSES the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

      Signed: October 29, 2007

Graham C. Mullen
United States District Judge